IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50040
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO DE LA ROSA, also known as Psycho,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. CP-960CR-188-1
- - - - - - - - - -
August 18, 1997

Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Armando De La Rosa appeals the district court's overruling of his objection to the presentence report's recommendation that he not be considered a minor participant, which would have entitled him to a two-point reduction.

This court reviews the application of the United States Sentencing Guidelines de novo, and it reviews the sentencing court's factual findings for clear error. United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Edwards, 65 F.3d 430, 432 (5th Cir. 1995). The role of defendant in the offense is a factual determination which this court reviews for clear error. United States v. Davis, 19 F.3d 166, 171 (5th Cir. 1994).

"Minor participant" is any participant who is less culpable than most other participants but whose role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n.3). A defendant is considered a minor participant only if he substantially less culpable than the average participant.

The district court did not misapply the Sentencing Guidelines and did not clearly err in finding that De La Rosa, who conceded he entered a bank with a revolver, stood guard in the lobby while another had bags filled with cash, and who fired three shots in the air when leaving, telling everyone to not move, was not a minor participant in the bank robbery charge, to which he pleaded guilty.

AFFIRMED.